IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER, ) | |
| ) | |
| Petitioner, ) | 4:05cv3191 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | (appeal) |
| ROBERT HOUSTON, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on filing no. 8, the Application for Leave to Proceed In Forma Pauperis ("IFP") on appeal, filed by the petitioner, Billy Tyler. The petitioner appeals the judgment (filing nos. 5 and 6) dismissing his Petition for Writ of Habeas Corpus ("§ 2254 petition") as a "second or successive habeas corpus application" within the meaning of 28 U.S.C. § 2244(b).

28 U.S.C. § 1915(a)(3) states: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." See also Fed. R. App. P. 24(a)(3). Upon consideration of the record in this action, I find that the petitioner's appeal is not taken in good faith. 28 U.S.C. § 2244(b), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), precludes the filing of a subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive petition. The petitioner's current § 2254 petition has not been authorized by the Eighth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b).

The § 2254 petition in this case is duplicative of earlier habeas corpus proceedings in which the petitioner has alleged, on a variety of grounds, that he has served his present

1

sentence and should be released.  In addition, if the claims in the present § 2254 petition could be considered not to be successive, then those claims are not exhausted, and there exists a presently pending proceeding in the state courts on the same facts, claims and issues presented in this case.  See Tyler v. Nebraska Dept. of Correctional Services, 2005 WL 1949470 (Neb. App. Aug. 16, 2005.).  For those reasons, I find that the petitioner's appeal is not taken in good faith.  Therefore, the petitioner's motion for leave to proceed IFP on appeal is denied.

The petitioner may file a motion pursuant to Fed. R. App. P. 24(a)(5) with the Eighth Circuit Court of Appeals and again request leave to proceed IFP on appeal.   Fed. R. App. P. 24(a)(5) states:

> (5) Motion in the Court of Appeals. A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4).   The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

In addition, before the petitioner may appeal the denial of his § 2254 petition, a "Certificate of Appealability" must issue.   Pursuant to the AEDPA, the right to appeal the denial of a § 2254 petition is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;
>> ....
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which

2

specific issue or issues satisfy the showing required by paragraph (2).

Similarly, Fed. R. App. P. 22(b), as amended by the AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue.  See generally Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997).

28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. A substantial showing of the denial of a constitutional right requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), *citing* Barefoot v. Estelle, 463 U.S. 894 (1983) (which defined the pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.  Similarly, if the district court denies a § 2254 motion on procedural grounds without reaching the underlying constitutional claims on the merits, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... would find it debatable whether the district court was correct in its procedural ruling .... Where a plain procedural bar is present and the district court is correct to invoke

3

it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."   Id.

Upon review and consideration of the record and the applicable law, I conclude that the petitioner has failed to demonstrate that reasonable jurists would find this court's ruling debatable or wrong.  For the reasons stated in the judgment dismissing the § 2254 petition, a Certificate of Appealability is denied.

THEREFORE, IT IS ORDERED:

1. That filing no. 8, the petitioner's Application for Leave to Proceed IFP on appeal, is denied;

2. That, pursuant to Fed. R. App. P. 24(a)(4), the Clerk of Court shall send a copy of this Memorandum and Order to the parties and the Eighth Circuit Court of Appeals as notice that the petitioner has been denied IFP status on appeal, and that his appeal has been determined not to be in good faith;

3. That, pursuant to Fed. R. App. P. 24(a)(5), the petitioner has 30 days, after service of this Memorandum and Order, to file a motion with the Eighth Circuit Court of Appeals for leave to proceed IFP on appeal; and

4. That a certificate of appealability is denied.

August 26, 2005.                          BY THE COURT:

                                          /s *Richard G. Kopf*
                                          United States District Judge